NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3611
_____

TYRONE M. ADKINS; SHERRE ADDUSSALAAM;
RASHELL THOMPSON; NATHAN THOMPSON

v.

DETECTIVE DALLAS REYNOLDS, Troop 4 Delaware
State Police;  DETECTIVE DANNAILE REMENTER, Troop 4
Delaware State Police; GOVERNER TASK FORCE MEMBERS;
TACTICAL TEAM (SERT)  MEMBERS

Tyrone M. Adkins,
              Appellant
_____

On Appeal from the United States District Court
for the District of Delaware
(D. Del. No. 1-15-cv-00882)
District Judge: Honorable Gregory M. Sleet
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit L.A.R 27.4 and I.O.P. 10.6
March 9, 2018

Before: CHAGARES, GREENAWAY, JR. and GREENBERG, *Circuit Judges*.

(Opinion Filed: October 8, 2019)

_____

OPINION[*]
_____

PER CURIAM

Tyrone Adkins appealed pro se the District Court's dismissal of his case for failure to prosecute under Federal Rule of Civil Procedure 41(b). We determined that the appeal presented no substantial question so, pursuant to Third Circuit Local Appellate Rule 27.4 and Internal Operating Procedure 10.6, we summarily affirmed the District Court's judgment. Adkins filed a petition for rehearing asking us to reconsider. We will grant his petition, and, in so doing, determine that the decision to dismiss his case rested on an incorrect view of the applicable law, which we unfortunately repeated in our initial opinion. In addition, the record does not support several of the findings made by the District Court. We therefore maintain that the case presents no substantial question, and will summarily vacate the decision of the District Court and remand for further proceedings.

## I.

As "we have said on numerous occasions[,] . . . dismissals with prejudice or defaults are drastic sanctions, termed 'extreme' by the Supreme Court, . . . and are to be reserved for [cases comparable]" to *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976). *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863,

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

867–68 (3d Cir. 1984). In *National Hockey League*, a district court within our Circuit dismissed a case as a sanction against plaintiffs and their lawyer "[a]fter seventeen months where crucial interrogatories remained substantially unanswered *despite numerous extensions . . .* and *notwithstanding several admonitions* by the Court and *promises and commitments* by the plaintiffs . . . ." 427 U.S. at 640 (emphases added) (internal quotation marks omitted).

In contrast, this case involves a pro se plaintiff who was inactive for a span of a little more than six months but whose case was dismissed without any extensions, admonitions, or opportunities for a promise or commitment. Indeed, in October 2015, Adkins filed a pro se complaint raising claims pursuant to 42 U.S.C. § 1983 against numerous defendants. He alleged that, on February 16, 2015, a search warrant listed one address, and the Defendants effectuated what amounted to a raid followed by a search on another—his. This allegedly resulted in the evidence obtained in the search of Adkins's home being suppressed under the fruit of the poisonous tree doctrine.

The Defendants filed an Answer about a month later, and discovery ensued. The Defendants submitted discovery requests to Adkins, consisting of a Notice to Take a Deposition, interrogatories, and a request for production of documents. Adkins did not respond to these requests, but instead filed a motion to appoint counsel and for an extension of time to respond. In this filing, he informed the Court that he was indigent and incarcerated with no legal background. He added that he was only allotted "2 hours and 30 minutes a week in the law library[,] which is not enough time to properly prepare for litigation." Pl.'s Mot. for Counsel ¶ 4, ECF No. 22. And that he "received a set of

3

interrogatories from the Defendants, and d[id] not have the proper paperwork or knowledge to correctly answer defendants['] interrogatories . . . ." *Id.* ¶¶ 5–6.

The District Court denied the extension and the request for counsel. In its view, the case was neither "factually [n]or legally complex [such] that requesting an attorney [was] warranted." Mot. for Counsel Denial Order 2, ECF No. 23. Also, "the filings [to date]"—which, at that point, only consisted of the Complaint followed by the request for counsel—"demonstrate[d] the plaintiff's ability to articulate his claims and represent himself." *Id*. In the penultimate sentence of its denial order, however, the Court remarked that "[s]hould the need for counsel arise later, one can be appointed at that time." *Id.*

To Adkins, that statement meant that the Court would appoint him counsel "should the need arise [*at any point*] later." So, at his deposition, Adkins refused to answer questions until counsel was appointed, explaining:

> As far as from what [the Order regarding my motion to appoint counsel] was saying, [the District Court] said if I needed one at the present time, he would grant me one at that time. I mean, I have my motion and everything here. So until then, *I just want to wait on further notice . . .*

Ex. A of Defs.' Mot. to Dismiss for Failure to Prosecute 4:3–9, ECF No. 28-2 (emphasis added).

Less than a month later, the Defendants filed a motion to dismiss for failure to prosecute, citing Adkins's failure to respond to discovery requests and to answer questions at his deposition. Then, with no response from Adkins, Defendants filed a motion for summary judgment on January 27, 2017. The Court issued an Order to Show

4

Cause days after the summary judgment motion was filed, requiring that, by February 21, 2017, Adkins must "show cause as to why this case should not be dismissed for failure to prosecute." Adkins responded more than a week before the February 21 deadline, "ask[ing] the Honorable Court not to dismiss [his] civil suit . . . ." Pl.'s Resp. to Def.'s Mot. to Dismiss 1, ECF No. 33.

The Court dismissed the case six months later. No action was taken in the interim: no extensions, no admonitions, and no status conference or hearing at which Adkins could explain his reason for delay and gain clarity on whether to abandon his expectation that he would be provided counsel.

The contrast between this case and *National Hockey League* is thus palpable.

## II.

Adkins timely appealed, and we have jurisdiction under 28 U.S.C. § 1291. We review the District Court's dismissal pursuant to Federal Rule of Civil Procedure 41(b) for an abuse of discretion, and our review centers on the manner by which the District Court balanced six factors and whether the record supports its findings. *Briscoe v. Klaus*, 538 F.3d 252, 257–58 (3d Cir. 2008). The factors are:

> (1) the extent of the *party*'s personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) [the] *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

*Id.* at 258 (quoting *Poulis*, 747 F.2d at 868) (internal quotation marks omitted).

5

The District Court's balancing assessed that: (1) as a pro se litigant, Adkins was solely responsible for prosecuting his claim; (2) Defendants were prejudiced because their ability to prepare for trial was burdened; (3) Adkins had a history of dilatoriness because he failed to participate in the discovery process; (4) his failure to participate in the discovery process renders his actions willful or in bad faith; (5) as a pro se litigant proceeding in pauper status, monetary sanctions could not be imposed so there were no alternatives; and (6) and it could not make a finding on whether the claim was meritorious "given the lack of discovery." *Adkins v. Reynolds*, No. CV 15-882-GMS, 2017 WL 6698696, at *2 (D. Del. 2017).

We have a number of concerns.

For one, the District Court's determination that it could not make a meritoriousness-assessment because discovery was not completed is legally incorrect, and a standalone basis for setting aside its ruling. *See Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 563 n.2 (2014) (articulating the well-established principle that "[a] district court would *necessarily* abuse its discretion if it based its ruling on an *erroneous view of the law . . . .*" (internal quotation marks and citation omitted)). Indeed, our precedent is unequivocal that the meritoriousness-assessment is made on the pleadings. *See, e.g.*, *Briscoe*, 538 F.3d at 263 ("[I]n determining whether a plaintiff's claim is meritorious, we use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim.") (citing *Poulis*, F.2d at 869–70 ("A claim . . . [is] meritorious when the allegations of the *pleadings*, if established at trial, would support recovery by plaintiff . . . ." (emphasis added))).

6

For another, the record does not support the District Court's findings as to the second, fourth, and fifth factors.[1] On the second factor, prejudice "includes deprivation of information through non-cooperation with discovery, and costs expended obtaining court orders to force compliance with discovery." *Adams v. Trustees of N.J. Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994). No costs were expended in obtaining court orders to force compliance with discovery because there were no efforts to obtain such orders. The District Court said "Adkins'[s] failure to participate in the discovery process severely impede[d] the defendant's ability to prepare a trial strategy." *Adkins*, 2017 WL 6698696, at *2. But it pointed to nothing in the record that suggests so. *See id.* (citing only Adkins' "refus[al] to answer questions during his deposition, [that] he did not seek discovery, and did not respond to discovery request," as opposed any particular prejudice that might have resulted). To the contrary, the only submission scheduled was the parties' motions for summary judgment, and Defendants readily submitted their motion with substantially the same points they signaled in their Answer.

As to the fourth factor, the District Court apparently determined that Adkins's dilatoriness alone rendered his conduct willful or in bad faith. *See id*. This was not the appropriate analysis. *See Poulis*, 747 F.2d at 868–69 (setting aside the District Court's "contumacious" finding because "[n]othing in the court's discussion preceding [that]

---

[1] The Court's findings as to the first and third factors are supported. As a pro se litigant, Adkins was solely responsible for prosecuting his case, *Briscoe*, 538 F.3d at 258–59, and, falling short of this responsibility, he repeatedly failed to comply with the discovery requests and the overarching Scheduling Order.

conclusion [was] directed toward the willfulness issue but only toward dilatoriness"). Also, Adkins's statements and filings are clear that the reason for his dilatoriness was that he expected that counsel would be appointed and did not want to do anything beforehand that might hurt his case. This is far from the willfulness or bad faith sanctioned in *National Hockey League*. *See* 427 U.S. at 640 (involving continual failures in spite of the "District Court's . . . extreme[] patien[ce] in its efforts to allow the respondents ample time to comply with discovery orders").

And, on the fifth factor, we recently reemphasized that the analysis regarding alternative sanctions does not begin and end with a determination that monetary sanctions are not available. *See Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 136–37 (3d Cir. April 24, 2019). The inquiry is more searching and requires that the Court "consider whether lesser sanctions would better serve the interests of justice." *Titus v. Mercedes Benz of N. Am.*, 695 F.2d 746, 749 (3d Cir. 1982) (citation omitted). This includes "a warning [or] formal reprimand . . . ." *Id.* at 749 n.6 (citation omitted).

The record here demonstrates that Adkins's refusal to comply with discovery requests were premised on his expectation that he would be receiving an attorney, which he substantially developed from the denial order that was sent to him. Consistent with that, he refused to respond to anything from opposing counsel. The moment the Court issued an order which could be construed as instructing him to respond to the motion to dismiss for failure to prosecute, however, he responded, more than a week before the deadline for doing so. As such, the record suggests that one alternative to dismissal would have been any number of the multiple admonishments or opportunities (i.e., a

8

status conference or hearing) to make a commitment that were provided in *National Hockey League*. This is especially true since Rule 41(b) dismissals ought to be viewed as a last resort, as opposed to a "necessary 'weapon' in the trial court's 'arsenal' . . . ." *Poulis*, 747 F.2d at 867.

We will vacate and remand accordingly.